JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Thomas Franks, appeals the sentence imposed by the Cuyahoga County Court of Common Pleas, Criminal Division, in which the lower court sentenced him to three years incarceration at Lorain County Correctional Institute. For the following reasons, the appeal is not well taken.
 {¶ 2} On January 31, 2000, the Cuyahoga County Grand Jury issued a three-count indictment against Franks. After plea negotiations, he pled guilty to one count of attempting to possess drugs, a felony of the second degree. As a result of this plea, the remaining two counts were dismissed. Franks was thereafter sentenced to three years incarceration at the Lorain Correctional Institute.
 {¶ 3} Franks appealed the sentence, and this court reversed the three-year sentence finding that the lower court had failed to comply with R.C. 2929.14(B). Specifically, this court determined that the lower court failed to make the requisite findings on the record as required by R.C. 2929.14(B). See, State v. Franks (Nov. 15, 2001), Cuyahoga App. No. 79465. On remand for resentencing, the lower court again imposed a three-year sentence.
 {¶ 4} It is from this sentence that Franks now appeals. He presents one assignment of error for this court's review:
 {¶ 5} "THE LOWER COURT'S IMPOSITION OF A PRISON SENTENCE ABOVE THE STATUTORY MINIMUM AFTER REMAND FOR RESENTENCING WAS AN ABUSE OF DISCRETION."
 {¶ 6} R.C. 2929.14(B) requires a trial court to impose a minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term would demean the seriousness of the conduct or would not adequately protect the public from future crime. State v.Edmonson (1999), 86 Ohio St.3d 324, 325. In the case at hand, the appellant had not served a previous prison term; therefore, R.C. 2929.14(B) requires the court to impose the minimum two-year term unless it states on the record at least one of the requisite findings.
 {¶ 7} At resentencing, the lower court stated that the shortest prison term would demean the seriousness of the offense and that a sentence in excess of the two-year minimum is appropriate in accordance with R.C. 2929.14(B). (Tr. 10). The lower court substantiated this sentence by pointing to the fact that the appellant was arrested with over 25 grams of crack cocaine on his person and that his arrest was a result of a continuing surveillance of the appellant and his chronic drug dealings. Moreover, the lower court noted that on two separate occasions, the authorities attempted to apprehend the appellant and he fled, resulting in two high-speed chases involving the police, which endangered both the authorities, the general public and the appellant's safety.
 {¶ 8} Accordingly, it is clear that the lower court satisfied the sentencing mandates of R.C. 2929.14(B) in resentencing the appellant. Therefore, the sentence imposed by the lower court is hereby affirmed.
TIMOTHY E. McMONAGLE, A.J., AND TERRENCE O'DONNELL, J., CONCUR.
KEY WORDS:
Sentence, Punishment, Factors, Other